COHEN (HYDE v.). See Case No. 6,967.

## Case No. 2,964.

### COHEN v. PHELPS.

[2 Sawy. 530;[1] 19 Int. Rev. Rec. 67.]

Circuit Court, D. California. Feb. 3, 1874.

CUSTOMS DUTIES—"FISH PLATES"—ACT OF 1842—ACT OF 1864.

1. Section 20 of the act of congress of 1842, to provide revenue from imports, etc. (5 Stat. 565), in relation to duties on non-enumerated articles, is not repealed by the act of 1864, to increase duties on imports, etc. (13 Stat. 202).

[Cited in Lloyd v. McWilliams, 31 Fed. 203.]

2. Said section 20 of the act of 1842 being still in force, it affords a rule of construction for determining under which head of articles specifically enumerated in the act of 1864, articles not specifically mentioned by name in said act are to be classed.

3. Under section 3 of said act of 1864, construed in connection with said section 20 of the act of 1842, "fish plates" are to be classed under the head of "wrought-iron railroad chairs," which are subject to a duty of two cents per pound; and not under the head of "all manufactures of iron not otherwise provided for," subject to a duty of thirty-five per cent. ad valorem.

[At law. Action by A. A. Cohen against T. G. Phelps, collector of the port of San Francisco.]

Cutler McAllister, for plaintiff.

L. D. Latimer, U. S. Dist. Atty., for defendant.

SAWYER, Circuit Judge. The sum sued for is the difference between two cents per pound and thirty-five per cent., ad valorem, on a quantity of "fish plates," paid by the plaintiff under protest to the defendant as collector of the port of San Francisco.

The defendant claims that section 20 of the act of 1842 is still in force; that the fish plates not being specifically named in the act of 1864, are non-enumerated articles within the meaning of said section 20, most resembling "wrought-iron railroad chairs," and as such subject to the duty of two cents per pound imposed on the latter by the act of 1864.

The plaintiff, on the other hand, insists that they are enumerated in the act of 1864, under the head of "manufactures of iron, not

otherwise provided for," and only subject to a duty of thirty-five per cent., ad valorem. Section 3 of the act of 1864 (13 Stat. 203, 204) provides that "there shall be levied, collected and paid on the goods, wares and merchandise herein enumerated and provided for," * * * the following duties and rates of duty, that is to say * * * "on wrought iron railroad chairs, two cents per pound," * * * "on all manufactures of iron, not otherwise provided for, thirty-five per cent., ad valorem." * * * Section 22 provides "that all acts and parts of acts repugnant to the provisions of this act be and the same are hereby repealed." Id. 216. Section 20 of the act of 1842 provides "that there shall be levied, collected and paid, on each and every non-enumerated article, which bears a similitude either in material, quality, texture, or the use to which it may be applied, to any enumerated article chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before mentioned."

It is clear to my mind, and it is conceded as a fact by the parties, that fish plates bear a similitude, in material, quality, texture and the use to which they are applied, to "wrought-iron railroad chairs," within the meaning of said section 20. The only questions, then, are, is section 20 of the act of 1842 still in force, and are the fish plates in question "enumerated and provided for, within the meaning of the words as used in section 3 of the act of 1864, in the terms 'manufactures of iron, not otherwise provided for?'—or are they embraced by the provision for wrought iron railroad chairs?" The words, "not otherwise provided for," must have some force.

These questions, it appears to me, are determined by the supreme court in the case of Stuart v. Maxwell, 16 How. [57 U. S.] 158, arising under the act of 1846. The questions in that case are precisely similar, although arising upon a different article. Section 3 of the act of 1846 provided that there should be levied and collected on "all goods, wares and merchandise imported from foreign countries, and not specially provided for in this act, a duty of twenty per cent., ad valorem." 9 Stat. 43. In another section it was provided that on certain goods there shall be collected a duty of twenty-five per cent., ad valorem, among which are "manufactures composed wholly of cotton not otherwise provided for." Id. 47, Schedule D. And section 11 provided, "that all acts and parts of acts repugnant to the provisions of this act be and the same are hereby repealed." The goods upon which twenty-five per cent. was demanded and collected were "manufactures of linen and cotton," and therefore not "manufactures composed wholly of cotton." There was no enumeration by name in the act of "manufactures of linen and cotton," and no enumeration to de-

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

scribe it except the words "manufactures composed wholly of cotton." It was, therefore, insisted by the owners that the goods came under the provision of section 3, "goods * * * not specially provided for in this act." But the supreme court held that section 20 of the act of 1842 was not repealed by the act of 1846, and that the act of 1846 was to be read as though section 20 of the act of 1842 was a part of it, and, therefore, that the goods in question were "specially provided for" in the act under the name of "manufactures composed wholly of cotton." In other words, section 20 is to be regarded as furnishing a definition of terms, or rather a rule for construction designed to cover unknown or overlooked articles, by which they are classed with those specifically and individually named to which they bear the greatest similitude.

Mr. Justice Nelson decided a similar question in the same way in Morlot v. Lawrence [Case No. 9,815]. Ross v. Peaselee [Id. 12,-077], and Field v. Schell [Id. 4,772], are to the same effect. As we have seen the language of the repealing clauses in the acts of 1846 and 1864, is identical, and the construction, of course, must be the same. The provision of section 20 of the act of 1842 is in no respect repugnant to any provision in the act of 1864. If it constituted one of the sections of the act it would not be inconsistent with any other provision in it. The section is, therefore, still in force as a part of the revenue laws of the United States, and is to be read in connection with the provisions of the act of 1864. It affords a rule of construction for terms applied to specific articles, and substantially says that a non-enumerated article, that is to say, an article not designated by its specific name, shall be classed under the name of that article specifically named to which it bears most resemblance in material, quality, texture, or the use to which it is applied. Fish plates are not specifically named, and are, therefore, not enumerated. "Wrought-iron railroad chairs" are specifically named or enumerated. Both are made of wrought-iron, and both are used for the same purpose—for connecting and retaining in position the rails of a railroad track. The fish plates are in practice, substituted for the wrought-iron railroad chairs. They are, therefore, of precisely the same material and texture, and are applied to the same uses, and the term, "wrought-iron railroad chairs," construed by the rule furnished by the provisions of said section 20 for the purposes of revenue, includes the fish plates. They are, then, "otherwise provided for," and consequently not included in the general sweeping residuary clause, "all manufactures of iron, not otherwise provided for."

The cases of U. S. v. U. S. Telegraph Co. [Id. 16,603], and Fish v. Smyth [Id. 4,833], are distinguishable, and are distinguished from the cases before cited. There was no

article specifically enumerated in the act under the name of which the goods could be classed other than the general one under which the learned judge classed them. However that may be, the language of the statute of 1846, construed by the supreme court in Stuart v. Maxwell [supra], is substantially identical with that in the act of 1864, now under consideration, and this case does not appear to me to be distinguishable. The decision of the supreme court is controlling, and the principle established by it, as it seems to me, is, that any article not mentioned by its specific name in the act of 1846, or subsequent acts, and which can be classed under the name of any other article specifically mentioned in the act, construed by the rule furnished by section 20 of the act of 1842, is a non-enumerated article within the meaning of that section, and must be classed under the latter name. Such would undoubtedly be the construction of section 20, had it been re-incorporated in each of the subsequent acts referred to, and as it is a part of the revenue laws still in force, it must be construed as if so incorporated. There must be judgment for defendant with costs, and it is so ordered.