## ARTHUR v. HERMAN.

In 1872, A. imported certain goods manufactured of cattle hair and cotton, the latter not being the component part of chief value. *Held,* that, under the last paragraph of the sixth section of the act of June 30, 1864 (13 Stat. 209), they were subject to a duty of thirty-five per cent *ad valorem.*

ERROR to the Circuit Court of the United States for the Southern District of New York.

In the year 1872, Herman & Co., the plaintiffs, imported from England certain cheap goods, the warp of which was made of cotton, and the filling or woof of cattle hair. These were the only component parts of the goods.

The collector imposed a duty of thirty-five per cent on the goods, under the act of June 30, 1864. The importers protested against this charge as excessive, insisting that, under the second section of the act of June 6, 1872 (17 Stat. 231), but ninety per cent of thirty-five per cent could be legally exacted as the duty. Judgment was rendered in favor of the plaintiffs, and the defendant brought the case here.

*The Solicitor-General* for the plaintiff in error
*Mr. Stephen G. Clarke, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The last paragraph of sect. 6 of the act of 1864 is as follows, viz.: " On cotton braids, insertings, lace trimming, or bobbinet, and all other manufactures of cotton not otherwise provided for, thirty-five per cent *ad valorem.*"

The goods in question were manufactured from two materials, of which cotton was one, and may, therefore, in general terms,

be said to be manufactured of cotton, and they are not-provided for by any specific enumeration in the act of 1864. They fall under the general clause of this act, just quoted.

Impliedly admitting the application of this provision to their goods, the importers, by their protest, insist "that the merchandise aforesaid is only liable under existing laws to a duty of ninety per cent of thirty-five per cent *ad valorem*, under the second section of the act of June 6, 1872, as being merchandise composed of animal hair and cotton."

On turning to the act of 1872, we find that the ninety per cent provision is made applicable to "all manufactures of cotton, of which cotton is the component part of chief value." The article in question is dutiable as a manufacture of cotton, that material being one of its components. But the record expressly states that cotton is not the component part of chief value. It is plain that this case does not fall within the terms of the clause.

The argument of the importers, if we appreciate it, is this: The similitude clause of the act of Aug. 30, 1842 (5 Stat. 565, sect. 20), provides that there shall be collected on every non-enumerated article, . . . manufactured from two or more materials, the highest duty assessable upon any of its component parts. The article in question is manufactured from cow hair and cotton; of these the cotton is assessed at a higher rate of duty than the hair, and, therefore, the article is assessed as a manufacture of cotton, and hence it is insisted, under the act of 1872, as a manufacture of cotton it is entitled to the deduction claimed.

The defect in this argument is apparent. The article in question does not fall within the terms of either part of the clause of the act of 1872, "all manufactures of cotton, of which cotton is the component part of chief value." The first part gives the deduction to manufactures of cotton, which might be understood to mean those which are wholly of cotton. If it also includes a manufacture of which cotton is one of the components only, the cotton must be the component of chief value. It certainly was not intended to embrace a composite article of which cotton was the chief component, and a composite article of which it was not the chief

component. In any aspect, it does not embrace the goods in question.

We think the judge erred in ruling in favor of the importer, and that there must be a new trial.

*Judgment reversed and new trial ordered.*