ARTHUR, Collector, v. FOX and Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

Decided March 19th, 1883.

Customs Duties.

1. A non-enumerated article, if found to bear a substantial similitude to an
   enumerated article, either in material, quality, texture, or use to which
   it may be applied, is made by section 2499, Rev. Stat., liable to the duty
   imposed upon the enumerated article.
2. A non-enumerated article composed of cow-hair and cotton, resembling and
   used for the same purposes as an enumerated article of goats' hair and
   cotton, is liable to the same duty as the latter.

Action to recover back duties claimed to have been illegally
exacted by the collector of New York.

*Mr. Solicitor-General* for the plaintiff cited *Davies* v. *Arthur*,
96 U. S. 148; *Arthur* v. *Herman*, 96 U. S. 141; *Murphy* v.
*Arnson*, 96 U. S. 131.

*Mr. Edwin B. Smith* and *Stephen S. Clarke* for the defend-
ants cited *Smythe* v. *Fisk*, 23 Wall. 374; *Stuart* v. *Maxwell*,
16 How. 150; *Ross* v. *Peaselye*, 2 Curtis, 499; *Murphy* v.
*Arnson*, 96 U. S. 131; *Arthur* v. *Herman*, 96 U. S. 141;
*Davies* v. *Arthur*, 96 U. S. 148.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

David Fox and Rose Fox, the defendants in error, imported
from Liverpool certain goods called velours, composed of cow
or calf hair, vegetable fibre, and cotton, an imitation of seal
skin, and used for manufacturing hats and caps. The goods
were not specifically enumerated in the tariff acts, but "in the
use to which they were put, and in appearance and material,
resembled manufactures of goats' hair and cotton more nearly
than any other article of commerce. The goats' hair and cot-
ton goods are also imitations of seal skin, and all these goods
of both kinds are frequently commercially called 'seals,' and
are made to represent seal skin and are used for the purposes

for which seal skin is used." The component material of chief value in velours is cow and calf hair, and not cotton.

The provisions of the tariff acts involved in the determination of the duties to be paid on the importation are as follows:

REV. STATS., SEC. 2504, SCHED. A.

\*        \*        \*        \*        \*        \*

" Cotton braids, insertings, lace, trimming, or bobbinet, and all other manufactures of cotton, not otherwise provided for, thirty-five per centum *ad valorem*.

" SCHED. L.

\*        \*        \*        \*        \*        \*

" Flannels, blankets, hats of wool, knit goods, balmorals, woolen and worsted yarns, and all manufactures of every description composed wholly or in part of worsted, the hair of the alpaca, goat or other like animals, except such as are composed in part of wool, not otherwise provided for, valued at not exceeding forty cents per pound, twenty cents per pound ; valued at above forty cents per pound and not exceeding sixty cents per pound, thirty cents per pound ; valued at above sixty cents per pound and not exceeding eighty cents per pound, forty cents per pound ; valued at above eighty cents per pound, fifty cents per pound ; and, in addition thereto, upon all the above-named articles, thirty-five per centum *ad valorem*.

" SEC. 2499. There shall be levied, collected and paid on each and every non-enumerated article which bears a similitude, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this title, as chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before mentioned ;

" And if any non-enumerated article equally resembles two or more enumerated articles, on which different rates of duty are chargeable, there shall be levied, collected and paid on such non-enumerated article the same rate of duty as is chargeable on the article which it resembles paying the highest duty ;

" And on all articles manufactured from two or more materials the duty shall be assessed at the highest rates at which any of its component parts may be chargeable."

The importers claimed that the goods were dutiable at thirty-five per cent. *ad valorem* as manufactures of cotton, while the collector exacted a duty of fifty cents per pound, and thirty-five per cent. *ad valorem* on account of the similitude they bore to manufactures composed wholly or in part of the hair of the goat without wool. The duties were paid according to the demand of the collector, and this suit was brought to recover back the excess of what was paid over the duty on manufactures of cotton, that is to say, to recover back the charge of fifty cents per pound. On the trial the circuit court instructed the jury to find for the importers, and to reverse a judgment upon a verdict under such an instruction this writ of error was brought.

Section 2499 of the Revised Statutes is a re-enactment of sec. 20 of the act of August 30th, 1842, c. 270, 5 Stat. 565, as to which this court said, in *Stuart* v. *Maxwell*, 16 How. 150, speaking through Mr. Justice Curtis :

"It was designed to afford rules to guide those employed in the collection of revenue in certain cases likely to occur, not within the letter, but within the real intent and meaning of the laws imposing duties, and thus to prevent evasions of those laws. Manufacturing ingenuity and skill have become very great, and diversities may be expected to be made in fabrics adapted to the same rules and designed to take the same places as those specifically described by some distinctive marks, for the mere purpose of escaping from the duty imposed thereon. And it would probably be impossible for Congress, by legislation, to keep pace with the results of these efforts of interested ingenuity. To obviate, in part at least, the necessity of attempting to do so, this section was enacted."

And again, p. 162 :

"By providing for the principal thing, it has provided for all other things which the law declares to be the same. It is only upon this ground that sheer and manifest evasions can be reached. Suppose an article is designed to serve the uses and take the place of some article described, but some trifling or colorable change is made in the fabric or some of its incidents. It is new in the market. No man can say he has ever seen it before, or knows it under

any commercial name. But it is substantially like a known article which is provided for. The law of 1842 [Rev. Stat. sec. 2499], then declares that it is to be deemed the same, and to be charged accordingly; that the act of 1846 (the tariff act then in force) has provided for it under the name it resembles."

These observations may well be applied to the present case. The goods in question are "non-enumerated." But they are substantially like a manufacture of goats' hair and cotton which is enumerated. They are put to the same uses, look the same, and frequently, in commerce, are called by the same name. They are made of cotton and cow hair, and are evidently of equal quality with the manufactures of cotton and goats' hair, because, in this case, they are charged with a duty of fifty cents per pound, thus indicating a value of eighty cents a pound or over, which calls for the highest duty per pound put on the goats' hair goods. It would seem to be difficult to find a closer resemblance between two articles of manufacture which were not identically the same.

But it is contended that if a non-enumerated "article is made of materials, any of which are mentioned in the statute, it is dutiable at the highest rate imposed on either of its constituents; if neither the article nor any of its component materials is designated in the tariff, then (and then only) it is dutiable according to its similitude in material, quality, texture, or use; and if, in these particulars, it equally resembles two or more enumerated articles, it pays the highest duty placed upon any of such like articles." Such, in our opinion, is not the effect of the statute. If an article is found not enumerated in the tariff laws, then the first inquiry is whether it " bears a similitude, either in material, quality, texture, or use to which it may be applied, to any article enumerated . . . as chargeable as with duty." If it does, and the similitude is substantial, then, in the language of the court in *Stuart* v. *Maxwell, supra,* " it is to be deemed the same, and to be charged accordingly." In other words, although not specifically enumerated, it is provided for under the name of the article it most resembles. If nothing is found to which it bears the requisite similitude, then

an inquiry is to be instituted as to its component materials, and a duty assessed at the highest rates chargeable on any of the materials. Any other construction would leave the law open to evasions, which, as was also said in *Stuart* v. *Maxwell*, it was the object of this statute, enacted more than forty years ago and kept continually in force since, to prevent.

None of the cases in this court governed by the statute in question sustain the position of the importer. In *Stuart* v. *Maxwell* it was not shown that the goods imported bore a similitude to any other article, and so resort was had to their component materials. The same is true of *Arthur* v. *Herman*, 96 U. S. 141, where the importation was of " certain cheap goods, the warp of which was made of cotton and the filling or woof of cattle hair," and the only question was whether they were to be charged at thirty-five per cent. *ad valorem*, under the act of June 30th, 1864, c. 171, or at ninety per cent. of thirty-five per cent., under the act of June 6th, 1872, c. 315. This depended on whether cotton was " the component part of chief value." There was no attempt to show their similitude to any other article, and both parties agreed that they were dutiable as manufactures of cotton. In *Murphy* v. *Arnson*, 96 U. S. 131, the question was whether the article imported resembled essential oil in material, quality, or texture, and the decision was that it did not. Consequently resort was had to the material clause of the similitude act. In *Fisk* v. *Arthur*, 103 U. S. 431, an article composed of cotton and linen, cotton being the material of chief value and largely predominating, was adjudged to be dutiable, under the similitude act, as a manufacture of cotton, notwithstanding it was composed of mixed materials, and this because " in material, quality and texture, as well as the use to which it is to be put, it is precisely like cotton shirtings." To say that goods made of cow or calf hair and cotton, which were in all respects like goods made of goats' hair and cotton, and applied to the same uses, often bearing the same name in commerce, were to be dutiable at one rate as manufactures of cotton, when the goats' hair goods were assessed at a much higher rate, " would be to encourage evasions of the descriptive terms in the tariff laws ' by some

trifling or colorable change in the fabric or some of its inci--dents.'"

In our opinion, on the case as made by the bill of exceptions, the court erred in instructing the jury to find for the importer.

*The judgment reversed, and the cause remanded, with instructions to grant a new trial.*