LLOYD *v.* McWILLIAMS, Collector.

*(Circuit Court, D. Rhode Island. May 23, 1887.)*

1. CUSTOMS DUTIES—RATE—INGREDIENTS—ALIZARINE ASSISTANT.
   Alizarine assistant, used as a mordant by calico printers, the principal ingredient in which is castor-oil, is chargeable with a duty of 80 cents per gallon, under section 2499 (known as the "similitude clause") of the act of March 3, 1883, which provides that, on all articles manufactured from two or more materials, the duty shall be assessed at the highest rates at which the component material of chief value may be chargeable, that being the duty on castor-oil.

2. SAME—CONSTRUCTION OF LAW—EXCEPTION.
   The phrase "chemical compound or salt," in section 2502 of the act of March 3, 1883, imposing a duty of 25 per cent. *ad valorem*, is too general to be considered an enumeration, so as to take an article out of the operation of the similitude clause of section 2499 of said act.

At Law.
*Charles L. Woodbury* and *J. P. Tucker*, for plaintiff.
*David S. Baker, Jr.*, U. S. Dist. Atty., for defendant.

COLT, J. Upon this importation, known as "alizarine assistant," and used as a mordant by calico printers, the collector imposed a duty of 80 cents per gallon, under section 2499 (known as the "similitude clause") of the act of March 3, 1883. The case was heard by the court, jury trial having been waived. The import in question is manufactured from castor-oil, sulphuric acid, and soda, and is soluble in water. The principal ingredients are castor-oil and sulphuric acid. The duty upon castor-oil is 80 cents a gallon. The collector assessed the same duty on alizarine assistant under that paragraph of section 2499 which provides that, on all articles manufactured from two or more materials, the duty shall be as-

scssed at the highest rates at which the component material of chief value may be chargeable. The plaintiff insists that the import was subject either to a duty of 25 per cent. *ad valorem*, under the chemical compound clause of section 2502 of the act of March 3, 1883, or to a duty of 20 per cent. under section 2513, as a non-enumerated manufactured article.

Section 2502 provides as follows:

"All preparations known as essential oils, expressed oils, distilled oils, rendered oils, alkalies, alkaloids, and all combinations of any of the foregoing, and all chemical compounds and salts, by whatever name known, and not specially enumerated or provided for in this act, twenty-five per centum *ad valorem*."

It is said that alizarine assistant is—*First*, a combination of an expressed oil and an alkali; *second*, a chemical compound; *third*, a salt. I do not think alizarine assistant can properly be classified as a combination of an expressed oil and an alkali. An expressed oil and an alkali form part of the combination, but the combination itself is made up of at least one other important element, namely, sulphuric acid. If alizarine assistant is dutiable under this clause, it must be classified as a chemical compound or salt. The plaintiff has sought to prove that it is a chemical compound, while the contention on the part of the government has been that it is not a true chemical compound, but a mechanical mixture.

But the government takes the further position that, assuming it to be a chemical compound, it was properly chargeable with the duty on castor-oil under section 2499, and not with a duty of 25 per cent. *ad valorem* under the chemical compound clause. If this point is well taken, it is evident that we need go no further. In support of this position the government says that the words, "not specially enumerated or provided for in this act," control and limit the chemical compound clause, and that alizarine assistant is provided for under section 2499, in that its component material of chief value is castor-oil, which is specifically enumerated in the statute; and, further, that the term "chemical compound" is so general that it cannot be said to enumerate alizarine assistant within the intent of the statute, and that therefore it is a non-enumerated article, and so within the similitude clause. On the other hand, the importer contends that articles under the tariff law are designated not only by their commercial name, but by special description, and that the similitude clause is not applied if the article comes within a special description, because such description is an enumeration of the class of articles covered by it; and that "all chemical compounds, by whatever name known," is a term of special description intended by congress to cover those chemical compounds not specifically enumerated in Schedule A, and therefore that it embraces alizarine assistant. The leading cases cited by the importer are *Arthur* v. *Sussfield*, 96 U. S. 128; *Smythe* v. *Fiske*, 23 Wall. 374.

In *Arthur* v. *Sussfield* the import was spectacles. The collector held them subject to a duty of 45 per cent. under the third section of the act of June 30, 1864, which reads: "On all manufactures of steel, or of which steel shall be a component part not otherwise provided for, forty-

five per cent." The importer urged that the duties were chargeable under the ninth section of the same act, which reads: "On pebbles for spectacles, and all manufactures of glass, or of which glass shall be a component material not otherwise provided for, forty per cent." The government at the trial insisted that spectacles came under the similitude clause; that they were a non-enumerated article equally resembling two enumerated articles,—those of which steel is a component part, and those of which glass is a component part; and that the import should therefore pay the highest rate of duty chargeable on either of the articles it resembles. The supreme court, through Mr. Justice HUNT, say:

"We are not able to assent to this course of reasoning. The similitude act applies only to non-enumerated articles. These goods are enumerated. They fall under the description or enumeration of both sections, and, if either were absent, the description under the other would be sufficient. Thus, if it were not for that provision of the act describing ' manufactures of which steel is a component part,' there could be no difficulty in classifying them under that clause which describes ' manufactures of which glass shall be a component material,' and, if it were not for the provision describing ' manufactures of which glass shall be a component material,' there could be no difficulty in classifying them under that clause which describes ' manufactures of which steel is a component part.' "

The court held that spectacles are embraced under the clause providing for all manufactures of glass or of which glass shall be a component part, and not under the similitude clause.

In *Smythe* v. *Fiske*, manufactures of silk, or of which silk is the component material of chief value, not otherwise provided for, were held to be an enumeration, and so to cover silk ties. Silk ties were held to come under this clause, and not under the similitude clause, as a non-enumerated article bearing a resemblance to scarfs. Upon the designation of goods by special description, see, also, *Barber* v. *Schell*, 107 U. S. 617, 2 Sup. Ct. Rep. 301; *Stuart* v. *Maxwell*, 16 How. 150; *Fisk* v. *Arthur*, 103 U. S. 431; *Greenleaf* v. *Goodrich*, 101 U. S. 278.

On behalf of the government, we are referred to *Stuart* v. *Maxwell*, 16 How. 150; *Arthur* v. *Fox*, 108 U. S. 125, 2 Sup. Ct. Rep. 371; *Cohen* v. *Phelps*, 2 Sawy. 530; *Biddle* v. *Hartranft*, 29 Fed. Rep. 90; *Mason* v. *Robertson*, 29 Fed. Rep. 684.

In *Stuart* v. *Maxwell* the goods were manufactures of linen and cotton. Section 3 of the act of 1846 provided that there should be collected on "all goods, wares, and merchandise imported from foreign countries, and not specially provided for in the act, a duty of twenty per cent. *ad valorem*." Section 11 provides that, on manufactures composed wholly of cotton, 25 per cent. *ad valorem* should be collected. The importer insisted that the goods came under section 3, as goods not specially provided for in the act. The government insisted that they were controlled by section 20 of the act of 1842, which is the similitude clause, and that this section was not repealed by the act of 1846. The court say:

"If the act of 1846 has specially provided for manufactures of cotton, and has at the same time left in force a rule of law which enacts that all manufactures of which cotton is a component part shall be deemed to be manufact-

ures of cotton if not otherwise provided for, it has in effect provided for the latter. By providing for the principal thing, it has provided for all other things which the law declares to be the same. It is only upon this ground that sheer and manifest evasions can be reached."

In *Arthur* v. *Fox* it was held that a non-enumerated article, composed of cow hair and cotton, resembling and used for the same purposes as an enumerated article of goat's hair and cotton, is liable to the same duty as the latter, under the similitude clause, and that it was not dutiable under the provision covering "all other manufactures of cotton not otherwise provided for." Chief Justice WAITE, speaking for the court, says:

"If an article is found not enumerated in the tariff laws, then the first inquiry is whether it bears a similitude either in material, quality, texture, or use to which it may be applied to any article enumerated as chargeable with duty. If it does, and the similitude is substantial, then, in the language of the court in *Stuart* v. *Maxwell*, *supra*, 'it is to be deemed the same, and to be charged accordingly.' In other words, though not specifically enumerated, it is provided for under the name of the article it most resembles. If nothing is found to which it bears the requisite similitude, then an inquiry is to be instituted as to its component materials, and a duty assessed at the highest rates chargeable on any of the materials. Any other construction would leave the law open to evasions, which, as was also said in *Stuart* v. *Maxwell*, it was the object of this statute, enacted more than forty years ago, and kept continually in force since, to prevent."

In *Biddle* v. *Hartranft* and *Mason* v. *Robertson* the question was distinctly presented to the court as to the proper construction of the words, "all chemical compounds and salts, by whatsoever name known, and not specifically enumerated or provided for in this act," taken in connection with section 2499. The government contended in these cases that, in the case of the importation of a chemical compound or salt, not specifically enumerated in the tariff act, we must first turn to the similitude clause, and see if any of its provisions are applicable, before classifying it under the general description of all chemical compounds or salts; that the use of the words, "not specifically enumerated or provided for," in the chemical compound clause, means that it is provided for if the similitude clause is applicable. On the other hand, the importer claimed that the similitude clause only covers non-enumerated articles, and that the phrase, "all chemical compounds or salts," constituted an enumeration. In *Biddle* v. *Hartranft* the importation was bichromate of soda, a non-enumerated chemical salt, and it bore a similitude to bichromate of potash, an enumerated article. Judges McKENNAN and BUTLER both held that, inasmuch as bichromate of soda bore a similitude to bichromate of potash, it was provided for in the similitude clause, and that the general provision subjecting all salts not herein enumerated or provided for to a specific duty was not applicable. In *Mason* v. *Robertson* the import was also bichromate of soda, and the plaintiff claimed that it should be assessed under the chemical compound clause at 25 per cent. *ad valorem*. The collector assessed the duty at three cents per pound under the similitude clause, that being the duty on bichromate of potash. Judge SHIPMAN says: "The only question in this case is whether bichromate of soda is an enumerated article. The only enu-

meration is that stated in the statute, a 'chemical compound and salt.' A chemical compound enumerates nothing, any more than the general term 'manufacture.' A chemical salt is, speaking generally, and not with scientific precision, the combination of an acid and a base. A base is the union of a metal and oxygen. It is a most general term. I cannot think that, within the meaning of the statute, the term 'chemical compound and salt' enumerates the article of bichromate of soda." The jury thereupon, under the direction of the court, rendered a verdict for the defendant.

It thus appears that, in the cases where the chemical compound clause has come before the courts for construction, it has been held not to constitute such an enumeration as to take an article out from the operation of the similitude clause, that the term, "chemical compound or salt," is so general that it is scarcely less an enumeration than section 2513, which assesses a certain duty on "all articles manufactured, in whole or in part, not herein enumerated or provided for."

I think, upon consideration, though I was by no means free from doubt at the hearing, that the view adopted by the courts in *Biddle* v. *Hartranft* and *Mason* v. *Robertson* is correct. It seems to me to hold otherwise would open the doors to the evasions of the law commented upon in *Stuart* v. *Maxwell* and *Arthur* v. *Fox*.

Nor do I think this conclusion in conflict with *Arthur* v. *Sussfield* or *Smythe* v. *Fiske*. The terms "all manufactures of glass or of which glass shall be a component material," or "all manufactures of steel or of which steel shall be a component part," or "manufactures of silk or of which silk is the component of chief value," may be held to be an enumeration of articles by special description, because they cover only those articles made in whole or in part of a specific thing, and therefore there is little room for evasion of the revenue; whereas, the term "chemical compound" is so broad and general in its character that, if construed to be an enumeration and so shut out the similitude clause, it might result in much abuse. It is said that in the cases cited section 2499 was held to govern only where the import bore a similitude to the enumerated article, and that it is now sought to apply another paragraph of the same clause, that relating to articles manufactured from two or more materials. It is manifest, however, that if section 2499 can be invoked at all in cases of a non-enumerated chemical compound, all its provisions should be examined. The reasoning of the court in *Arthur* v. *Fox* is to the effect that, if nothing is found to which the import bears the requisite similitude, then an inquiry is to be instituted as to its component materials, and a duty assessed at the highest rates chargeable on any of the materials.

The second position of the plaintiff, that alizarine assistant is dutiable under section 2513 as a non-enumerated manufactured article, is clearly untenable, from what has already been said.

My opinion is, while admitting that the question is not free from difficulty, that judgment should be entered for the defendant; and it is so ordered.