## HERRMAN *v.* ARTHUR'S EXECUTORS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 250.    Argued April 25, 1888. — Decided May 14, 1888.

Goods made of calf hair and cotton were imported in November, 1876. The collector assessed duties on them at 50 cents a pound, and 35 per cent ad valorem, as upon goods made of wool, hair, and cotton, under Schedule L of § 2504 of the Revised Statutes (p. 471, 2d ed.). The goods contained no wool. The importer protested that the goods were liable to less duty under other provisions. In an action to recover back the alleged excess paid, the defendant, at the trial, sought to support the exaction of the duties under the first clause of § 2499, commonly called the "similitude" clause. *Held*, that this was a proper proceeding under the pleadings in the case.

The court below having directed a verdict for the defendant, this court reversed the judgment, on the ground that the question of similitude was one of fact, which should have been submitted to the jury, as it appeared that the imported goods were of inferior value and material as compared with the goods to which it was claimed they bore a similitude.

The case of *Arthur* v. *Fox* (108 U. S. 125) commented on.

THIS was an action brought to recover duties alleged to have been illegally exacted. Verdict for defendant and judgment

on the verdict. The plaintiffs sued out this writ of error. The case is stated in the opinion.

*Mr. Edwin B. Smith* for plaintiffs in error. *Mr. Stephen G. Clarke* was with him on the brief.

*Mr. Solicitor General* for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought by Henry Herrman, Charles Sternbach, and Abraham Herrman, against Chester A. Arthur, collector of customs at the port of New York, in the Superior Court of the city of New York, and removed by the defendant into the Circuit Court of the United States for the Southern District of New York, to recover the sum of $367, alleged to have been exacted by the defendant from the plaintiffs as excessive duties on the importation of goods made of calf hair and cotton, into the port of New York, in November, 1876. At the trial, before a jury, the court directed a verdict for the defendant, which was rendered, and a judgment was entered for the defendant, for costs.

It appears by the bill of exceptions that the goods were described in the invoices and entries, some as " brown calf-hair sealskin," some as " brown calf hair," and some as " brown calf-hair lustre." The duties were assessed at 50 cents a pound and 35 per cent ad valorem, as upon goods made of wool, hair, and cotton. This assessment took place under the provision of Schedule L of § 2504 of the Revised Statutes, p. 471, 2d ed., which was as follows: " Woollen cloths, woollen shawls, and all manufactures of wool of every description, made wholly or in part of wool, not herein otherwise provided for: fifty cents per pound, and, in addition thereto, thirty-five per centum ad valorem." The evidence showed that the goods in fact contained no wool, the warp being of cotton and the filling of cow or calf hair. There were 13 cases of the goods; those in 12 of the cases cost under 40 cents a pound, and those in the remaining case cost over 40 and under 60 cents a pound. The plaintiffs protested against the liquidation, because the

goods were returned by the appraiser as a manufacture of wool, hair, and cotton, and, as such, liable to a duty of 50 cents per pound and 35 per cent ad valorem, and claimed, in the protest, that the goods were a manufacture of cow and calf hair and cotton, and liable, under § 2499 and the last paragraph of Schedule A of § 2504, p. 461, 2d ed., to a duty of 35 per cent ad valorem, as partly manufactured of cotton; or else liable to a duty of 30 per cent ad valorem, under the provision of Schedule M of § 2504, p. 476, 2d ed., as follows: " Hair-cloth known as ' crinoline-cloth,' and all other manufactures of hair, not otherwise provided for: thirty per centum ad valorem." Section 2499 provided as follows: " There shall be levied, collected, and paid on each and every non-enumerated article which bears a similitude, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this Title, as chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before mentioned; and if any non-enumerated article equally resembles two or more enumerated articles, on which different rates of duty are chargeable, there shall be levied, collected, and paid, on such non-enumerated article, the same rate of duty as is chargeable on the article which it resembles paying the highest duty; and on all articles manufactured from two or more materials, the duty shall be assessed at the highest rates at which any of its component parts may be chargeable." The last paragraph of Schedule A of § 2504 reads thus: " Cotton braids, insertings, lace, trimming, or bobbinet, and all other manufactures of cotton, not otherwise provided for: thirty-five per centum ad valorem." In claiming that the duty should have been 35 per cent ad valorem, reference was made to the last clause of § 2499, as providing that, as the goods in question were manufactured from cotton and hair, the duty was assessable at the highest rate at which either of those two component materials was chargeable, and that the highest rate, being 35 per cent ad valorem, was imposed on the manufacture of cotton, under the last paragraph of Schedule A of § 2504. The further

claim of the plaintiffs was that, if the goods were not thus liable to a duty of 35 per cent ad valorem, as a manufacture of cotton, they were liable to a duty of 30 per cent ad valorem, as a manufacture of hair, under the above quoted provision of Schedule M of § 2504. The plaintiffs' counsel read in evidence a decision of the Treasury Department, made in 1874, to the effect that calf hair and cotton goods were held to be dutiable, under § 2499 of the Revised Statutes, at the highest rate at which any of their component parts was chargeable, namely, cotton, and not under the provision for manufactures of hair. This would have given a duty of 35 per cent ad valorem. But it clearly appeared at the trial that the duty assessed, of 50 cents a pound and, in addition thereto, 35 per cent ad valorem, was assessed under the erroneous view that the goods contained wool.

The plaintiffs having thus shown that the liquidation made was illegal, whether the proper duty should have been 35 per cent or only 30 per cent, the defendant sought to support the validity of the assessment of duties which he had made, under the first clause of § 2499, before quoted, that " there shall be levied, collected, and paid, on each and every non-enumerated article which bears a similitude, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this Title, as chargeable with duty, the same rate of duty which is levied and charged on the enumerated article which it most resembles in any of the particulars before mentioned." It was contended by the defendant, that the goods in question, composed of cow or calf hair and cotton, were a non-enumerated article, and that they bore a similitude, in the particulars mentioned in § 2499, to articles enumerated as chargeable with duty under the following provision of Schedule L of § 2504, p. 471, 2d ed., namely : " Flannels, blankets, hats of wool, knit goods, balmorals, woollen and worsted yarns, and all manufactures of every description composed wholly or in part of worsted, the hair of the alpaca, goat, or other like animals, except such as are composed in part of wool, not otherwise provided for, valued at not exceeding forty cents per pound : twenty cents per pound ; valued at

above forty cents per pound and not exceeding sixty cents per pound: thirty cents per pound; valued at above sixty cents per pound and not exceeding eighty cents per pound: forty cents per pound; valued at above eighty cents per pound: fifty cents per pound; and, in addition thereto, upon all the above named articles: thirty-five per centum ad valorem."

It was sought to be shown by the defendant, that the goods imported in this case bore a similitude, in some one of the particulars mentioned in § 2499, to goods which had previously been in the market, of two classes, one composed of wool, hair, and cotton, and the other composed of goat's hair and cotton, although it appeared distinctly that the goods involved in twelve of the cases in question cost under 40 cents a pound, and, in this view, such of them as bore a similitude to the goat's hair and cotton goods would have been dutiable at only 20 cents per pound and 35 per cent ad valorem, instead of 50 cents per pound and 35 per cent ad valorem; and that the goods in the remaining case cost over 40 and under 60 cents a pound, and so would have been liable to a duty of only 30 cents per pound and 35 per cent ad valorem, instead of 50 cents per pound and 35 per cent ad valorem.

The witnesses on the issue thus raised were all introduced on the part of the defendant. When both parties had rested, the counsel for the defendant moved the court to direct a verdict for the defendant, on the ground that the evidence was clear and undisputed, as to the two classes of prior goods, namely, the wool, hair, and cotton goods, and the goat's hair and cotton goods, that those goods existed and substantially resembled in every important particular the imported goods in question. The court granted the motion, and directed a verdict in favor of the defendant. The plaintiffs excepted, and have brought a writ of error to review the judgment.

The plaintiffs objected and excepted to the introduction of the testimony as to similitude offered by the defendant, on the ground that it was incompetent, irrelevant, and immaterial, and on the further ground that, the defendant having based his assessment on the view that the goods contained wool, could not now be permitted to justify the assessment on any

·other ground.    But we think that this objection was properly
overruled.    The suit was brought for an illegal exaction of
·duties, and, if the law in force at the t̂ ne, properly inter-
preted, justified the exaction of the dut ̗s imposed, it ̲ was
coṁpetent for the defendant to show it at the trial.    The
·complaint alleges, that the defendant, as collector, exacted as
duties so much money, that the true duty was only so much,
and that the plaintiffs claim to recover the difference.    The
·answer alleges, that the amount of money collected from the
plaintiffs was the amount due from them to the United States,
·according to the rate of duty imposed by law upon the goods
in question.    This did not confine the issue solely to the ques-
·tion whether there was wool in the goods.

It appeared, in the course of the testimony put in by the
·defendant, that two of the three samples of the prior goods
introduced by him in evidence cost over 80 cents a pound, the
goat's hair in them being that of the mohair goat, as was also
the goat's hair in the third sample ; and that the mohair fibre
came from the alpaca goat, and was sometimes a foot in
length, but generally from six to seven inches long, while calf
hair was always short, perhaps an inch or an inch and a
quarter long.    It also appeared, by the testimony, that the
mohair goods were almost uniformly much finer in appearance
than the calf or cow hair and cotton goods ; that the cost of
them was much higher; and that the plaintiffs' goods resem-
bled certain vegetable fibre goods imported prior to 1875 and
1876, more nearly than they resembled the goat's hair and
cotton goods or the mohair and cotton goods.

The direction of a verdict for the defendant in the present
case is sought to be justified by the ruling of this court in
*Arthur* v. *Fox* (108 U. S. 125).    In that case, the article in
question was called " velours," and was composed of cow or
calf hair, vegetable fibre, and cotton, was an imitation of
sealskin, and was used for manufacturing hats and caps.    Thē
goods were not specifically enumerated in the statute, but, in
the use to which they were put, and in appearance and mate-
rial, resembled manufactures of goat's hair and cotton, more
nearly than any other article of commerce, the goods of both

kinds being frequently commercially called "seals," and being made to represent sealskin, and being used for the purposes for which sealskin was used. The component material of chief value in "velours" was cow and calf hair, and not cotton. The importers claimed that the goods were dutiable at 35 per cent ad valorem, under Schedule A of § 2504, as manufactures of cotton, while the collector exacted a duty of 50 cents per pound and 35 per cent ad valorem, on account of the similitude the goods bore to manufactures composed wholly or in part of the hair of the goat, without wool, under § 2499 and the provision of Schedule L of § 2504, in regard to manufactures composed wholly or in part of the hair of the goat and containing no wool. Inasmuch as the collector in that case imposed a duty of 50 cents per pound and 35 per cent ad valorem, the goods must have been valued at above 80 cents per pound, according to the terms of that clause of Schedule L. The court instructed the jury to find for the importers, and this court held that the instruction was erroneous. The view taken here was, that the goods were non-enumerated, but were substantially like a manufacture of goat's hair and cotton, which was enumerated in the clause quoted from Schedule L. One strong ground for the ruling made by this court is thus stated in its opinion, delivered by Chief Justice Waite. Speaking of the goods imported in that case, it said: "They are made of cotton and cow hair, and are evidently of equal quality with the manufactures of cotton and goat's hair, because, in this case, they are charged with a duty of fifty cents per pound, thus indicating a value of eighty cents a pound or over, which calls for the highest duty per pound put on the goat's hair goods."

In the present case, the samples of goat's hair goods introduced by the defendant as the standard of comparison, to make out the similitude spoken of in § 2499, were all of them mohair goods, two of which samples were worth over 80 cents a pound, and thus subject, under Schedule L, to the rate of duty imposed in the present case upon the goods of the plaintiffs; while it was proved that the plaintiffs' goods in twelve of the cases cost under 40 cents a pound, and in the remaining

case cost over 40 and under 60. cents a pound. Thus, as a matter of law, in the present case, the plaintiffs' goods, of such inferior value and material, were compared with costly mohair goods, and the duty assessed on them was held to have been properly charged.

We are of opinion that the question of the similitude was one of fact, which should have been submitted to the jury, under proper instructions. As there was error in the particular mentioned, we do not deem it proper to consider any of the other questions raised and discussed by counsel.

*The judgment is reversed, and the case is remanded to the Circuit Court with a direction to award a new trial.*