## F. ROSENSTERN & CO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 25, 1909. On Rehearing, June 9, 1909.)

No. 249 (5,152).

1. CUSTOMS DUTIES (§ 44*)—CLASSIFICATION—CATTLE-HAIR GOODS.
   Cattle-hair goods are dutiable by similitude as manufactures of "wool," under Tariff Act July 24. 1897, c. 11, § 1, Schedule K, par. 366, 30 Stat. 184 (U. S. Comp. St. 1901, p. 1666), being similar in quality, use, and texture.
   [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec. Dig. § 44.*]

2. CUSTOMS DUTIES (§ 44*)—SIMILITUDE—RESEMBLANCE IN USE.
   Within the meaning of the similitude clause in Tariff Act July 24, 1897. c. 11, § 7, 30 Stat. 205 (U. S. Comp. St. 1901, p. 1693), fabrics composed of calf hair and cotton and used in manufacturing cloaks resemble in "use" fabrics of calf hair, cotton, and wool and also used in manufacturing cloaks, notwithstanding that the latter fabrics are of a better grade and command a higher price.
   [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 148; Dec. Dig. § 44.*]

On Rehearing.

3. APPEAL AND ERROR (§ 832*)—REHEARING—GROUNDS.
   Where a citation was mainly relied on at the oral argument and appeared prominently in the brief, rehearing should not be applied for on the ground that the court had inadvertently overlooked the citation, but it should be assumed that the court had given the point due consideration.
   [Ed. Note.—For other cases, see Appeal and Error. Cent. Dig. § 3215; Dec. Dig. § 832.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Southern District of New York.

The court below affirmed a decision by the Board of United States General Appraisers (G. A. 6,686 [T. D. 28,592]), which approved the action of the collector of the port of New York in assessing certain importations for duty under Tariff Act July 24, 1897, c. 11, 30 Stat. 151 (U. S. Comp. St. 1901, p. 1626). The opinion of the Circuit Court reads as follows:

MARTIN, District Judge (orally). The merchandise in question, consisting of so-called cattle-hair goods, was assessed for duty at the rate of 33 cents per pound and 50 per cent. ad valorem under the provisions of paragraph 366 of the tariff act of 1897 (Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1666]), for "manufactures * * * made wholly or in part of wool, not specially provided for." The importers protested against said assessment, claiming the merchandise to be dutiable under section 6 of said act at 20 per cent. ad valorem as a nonenumerated manufactured article. The Board of General Appraisers sustained the assessment of duty as made by the collector.

It does not satisfactorily appear that wool, goat hair, or mohair enters into the manufacture of the article in controversy; but, upon the evidence in the case, it is apparent that its use is analogous to the articles covered by the paragraph under which the assessment is made. I am of the opinion that the case of Arthur v. Fox, 108 U. S. 125, 2 Sup. Ct. 371, 27 L. Ed. 675, pointedly applies to the case at bar. It was properly assessed by virtue of the similitude clause in section 7, under said paragraph 366.

The decision of the Board of General Appraisers is affirmed.

Brooks & Brooks (Frederick W. Brooks, of counsel), for importers.

D. Frank Lloyd, Asst. U. S. Atty.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The tariff act defines the word "wool" as follows:

"Par. 383. Whenever in any schedule of this act, the word 'wool' is used in connection with a manufactured article of which it is a component material, it shall be held to include wool or hair of the sheep, camel, goat, alpaca or other animal, whether manufactured by the woolen, worsted, felt, or any other process." Act July 24, 1897, c. 11, § 1, Schedule K, 30 Stat. 185 (U. S. Comp. St. 1901, p. 1668).

The Board was convinced by the testimony before it that the fabric imported, besides a cotton warp and calf-hair filling, contained a substance used to hold the calf-hair fibers in place, either coarse East India wool, wool waste, or mohair noils. It was classified, therefore, under—

"Par. 366. On cloths, knit fabrics, and all manufactures of every description made wholly or in part of wool, not specially provided for in this act, valued at not more than forty cents per pound, the duty per pound shall be three times the duty imposed by this act on a pound of unwashed wool of the first class; valued at above forty cents per pound and not above seventy cents per pound, the duty per pound shall be four times the duty imposed by this act on one pound of unwashed wool of the first class and in addition thereto, upon all the foregoing, fifty per centum ad valorem."

Further testimony was taken in the Circuit Court, and upon the record as it now stands we fully concur with the conclusion of the

judge who heard the cause below that it does not satisfactorily appear that wool, goat hair, or mohair enters into the manufacture of the articles in controversy. The results of the chemical analyses and the report from the confidential agent of the Treasury Department in Berlin cannot be disregarded because manufacturers in this country testify that they cannot produce the fabric upon the machines they use without the use of some "wool" to hold the calf-hair fibers in place.

There being no special provision covering this fabric, the question is: How shall it be classified? It is not within that part of section 7 which deals with nonenumerated articles manufactured of two or more materials, because both of the materials of which the fabric is composed are on the free list; the cotton under paragraph 537 and the calf hair under paragraph 571. The importers contend that they are dutiable as a nonenumerated manufactured article under section 6. The government contends that they are dutiable by similitude to articles enumerated under paragraph 366, supra. The Board and the Circuit Court so held.

We concur with both tribunals in the conclusion that as to these goods this court is controlled by the decision of the Supreme Court in Arthur v. Fox, 108 U. S. 125, 2 Sup. Ct. 371, 27 L. Ed. 675. In that case the importations were composed of cow or calf hair, vegetable fiber, and cotton, an imitation of sealskin, and used for manufacturing hats and caps. Here the fabric is composed of calf hair and cotton, an imitation of pony fur, and used for manufacturing cloaks. In the Fox Case they were found to be substantially similar to manufactures of goats' hair and cotton, made to imitate sealskin, and used for the purposes for which sealskin is used. The goods in suit bear a like similarity to certain manufactures of calf hair and cotton, with a substantial percentage of wool or mohair noils, which are used for cloaks, but, being of a better grade and more durable, are also used for other purposes (such as car-seat coverings), which involve more wear and tear. In our opinion these additional uses of the standard with which these importations are compared do not disprove a similarity in use, and the weight of the testimony establishes a similarity in texture and quality as well. Nor does the circumstance that the goods with some wool in them are of a better grade and command a higher price prevent the application of the similitude paragraph.

The decision is affirmed.

## On Rehearing.

PER CURIAM. This application is made upon the theory that the court "inadvertently overlooked" the decision in Herrman v. Arthur, 127 U. S. 363, 8 Sup. Ct. 1090, 32 L. Ed. 186, and is confined to a discussion of the bearing of that decision. Such decision was mainly relied upon on the oral argument and was the prominent authority cited in appellants' brief ; copious excerpts from it being printed therein. The brief on this motion is a mere reproduction of the earlier brief. The authority referred to was not over-

looked—indeed, it could not have been overlooked, unless the court had wholly failed to listen to the oral argument and to read the briefs. If counsel would charitably assume that these are not left undone when a cause is heard on appeal, possibly there might not be so many petitions for rehearing to consider.