UNITED STATES *v.* MENZEL & Co. (No. 1903)[1].

1. CONSTRUCTION, PARAGRAPH 417, TARIFF ACT OF 1913—"BREAD."

While remnants and dried portions of ordinary bread are used in making a fish sauce or other sauces or dressings, the word "bread" in the free-entry paragraph 417, tariff act of 1913, does not include an article the *sole* use of which is in making a fish sauce. The word bread is used to designate a baked product the predominant use of which is as an independent article of food.

2. CONSTRUCTION, PARAGRAPH 194, TARIFF ACT OF 1913—"CONFECTIONERY."

A thin, glazed coating on the surface of a baked loaf, possibly composed of water and the white of an egg or of sugar and water and applied with a brush, can not be regarded as "confectionery" under paragraph 194, tariff act of 1913.

3. "REIBKUCHEN."

"Reibkuchen," a baked loaf composed mainly of some kind of flour, about 2 feet long by 1½ feet wide and 2 inches thick, covered with a thin glaze probably applied with a brush and composed of water and the white of an egg or sugar and water, the sole use of which is in making sauces for boiled fish, is classifiable not under paragraph 417, tariff act of 1913, as bread, or paragraph 194 as containing confectionery, but under paragraph 385 as an unenumerated manufactured article.

### United States Court of Customs Appeals, November 26, 1918.

APPEAL from Board of United States General Appraisers, Abstract 41873.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel), for the United States.

*Comstock & Washburn* (*J. Stuart Tompkins, Albert H. Washburn,* and *George J. Puckhafer,* of counsel) for appellees.

[Oral argument Nov. 7, 1918, by Mr. Hanson and Mr. Tompkins.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court.

The merchandise to which this appeal relates is known as "Reibkuchen," which word a member of the importing firm testified meant cake that is grated or rubbed. He also said that it was sometimes known in the trade as fish kuchen, which means fish cake.

Other commodities were imported at the same time, and at the hearing before the board the protests relating thereto were overruled, from which judgment no appeal was taken by either side.

As to the "Reibkuchen" the protest was sustained by the board; hence the only question here is as to its proper classification.

It was returned for duty and assessed under paragraph 194 of the tariff act of 1913, which reads as follows:

Biscuit, bread, wafers, cakes and other baked articles, and puddings, by whatever name known, containing chocolate, nuts, fruit, or confectionery of any kind, and without regard to the component material of chief value, 25 per centum ad valorem.

---

[1] T. D. 37844 (35 Treas. Dec., 257).

This action was taken by the customs officers upon the theory that while " Reibkuchen " did not contain chocolate, nuts, or fruit, it was, nevertheless, classifiable under the paragraph by similitude as cake containing confectionery.

In their protest and at the hearing before the board the importers claimed that it should be classified either under paragraph 417 of the same act, which gives free entry to " biscuits, bread, and wafers not specially provided for," or in the alternative, under paragragh 385, providing for unenumerated manufactured or unmanufactured articles.

The board sustained the claim for free entry.

In this court the importers urge that the judgment of the board should be affirmed, while the Government contends that the action of the collector should be sustained; if not, that the merchandise should be held dutiable under paragraph 385 as a nonenumerated manufactured article and dutiable at 15 per cent ad valorem.

As to this " Reibkuchen," it appears that it is a baked article and manifestly it is composed mainly of some kind of flour, although as to its exact components there is no showing except as hereinafter stated.

It is not eaten as bread or cake is ordinarily consumed, is not a biscuit or a wafer, but appears to be solely used in making sauces for boiled fish. It is baked and imported in loaves about 2 feet long, 1½ feet wide, and 2 inches thick. It is retailed by the pound, and, so far as the importers know, is not sold to confectioners.

Concededly it does not contain chocolate, nuts, or fruit specified in paragraph 194 as one of the component materials of merchandise dutiable thereunder; and the Government admits that unless the substance which has been applied to its top surface and which has produced a brown-glazed appearance or coating thereon may be regarded as an icing, it is not dutiable under that paragraph, in which event it urges, as already stated, that it is a nonenumerated manufactured article.

The importers insist that this glazed coating is not icing, and that the appearance and uses of the " Reibkuchen " not only justify but require its classification as bread under the above-quoted free-entry paragraph.

While remnants and dried portions of ordinary bread are used in making a fish sauce or other sauces or dressings, we do not think the word " bread " in the free entry paragraph should be held to include an article the *sole* use of which is in making a fish sauce, as we are clear that in common understanding that word is used to designate a baked product, the predominant use of which is an inde-

pendent article of food and not an ingredient of a sauce or dressing for fish.

It is not claimed to be a biscuit or wafer, nor indeed could it well be so, in view of the common meaning of those words. See United States v. Dunlop & Ward (6 Ct. Cust. Appls., 278; T. D. 35505).

In this connection see also United States v. Neuman & Schwiers (6 Ct. Cust. Appls., 228; T. D. 35467).

This leaves for consideration the question as to whether or not the glazed surface of the loaf is an icing, and therefore confectionery within the meaning of paragraph 194.

In United States v. Meadows (5 Ct. Cust. Appls., 532; T. D. 35177) a similar question was carefully considered.

The opinion of the court in the case does not state of what the icings (there were several varieties) were composed, but from the record it did appear that they were commonly made of a mixture of sugar, water, sometimes glucose, some white of egg in various cases, in other cases not, and cooked to a certain consistency, then flavored, and sometimes colored, and each constituted a substantial part or a percentage of the respective baked article to which it had been applied.

The glazed coating to this " Reibkuchen," so far as the evidence discloses, is produced by an application with a brush of a liquid substance, possibly composed of water and the white of an egg, or of sugar and water—no witness was able to say exactly what or which.

A Government examiner at the port of New York of seven or eight years' experience, whose duty it was to pass upon cakes, among other things, said that he did not regard this coating as an icing.

Inspection of the exhibit discloses that this coating, if it rises to the dignity of such, is nothing more than a glazing, and does not constitute any material or substantial part of the loaf.

We do not think it is an icing, nor upon the record can it be called confectionery within the meaning of the paragraph.

In view of the foregoing conclusions, it is obvious that the merchandise should be classified and assessed for duty as a manufactured article not otherwise provided for under paragraph 385, above referred to.

The judgment of the Board of General Appraisers is *reversed.*