UNITED STATES *v.* HERMANOS & Co., SUCRS. (No. 1902).[1]

1. CONSTRUCTION, PARAGRAPH 194, TARIFF ACT OF 1913—SIMILITUDE.

Biscuits, bread, wafers, cakes, and other baked articles not containing chocolate, nuts, fruit, or confectionery are excluded from the operation of paragraph 194, tariff act of 1913; and, having been excluded, they can not be subjected to its provisions by similitude without violating the expressed will of Congress.—Fensterer & Ruhe *v.* United States (1 Ct. Cust. Appls., 93; T. D. 31110) and Strauss & Co. *v.* United States (2 Ct. Cust. Appls., 203; T. D. 31946).

2. SPONGE RUSKS.

Merchandise known as "sponge rusks"—toasted slices of sponge cake—is not dutiable under paragraph 194, tariff act of 1913, since it does not contain chocolate, nuts, fruit, or confectionery. There is nothing in the record to show that its components are the same as those employed in making sweetened breads, crackers, or biscuits, so that it can not be held free of duty under paragragh 417 as "biscuits, bread, and wafers." It is a manufacture of sponge cake and dutiable as a miscellaneous manufactured article under paragraph 385.

United States Court of Customs Appeals, February 25, 1919.

APPEAL from Board of United States General Appraisers. Abstract 41903.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Samuel Isenschmid,* special attorney, of counsel). for the United States.

*Comstock & Washburn* and *J. Stuart Tompkins* for appellees.

[Oral argument Nov. 7, 1918, by Mr. Hanson and Mr. Tompkins.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The collector of customs classified so-called "sponge rusks," imported at the port of San Juan, P. R., as cake, similar to cakes containing chocolate, nuts, fruit, or confectionery. The sponge rusks were accordingly assessed for duty at 25 per cent ad valorem under paragraph 194 of the tariff act of 1913, which paragraph reads as follows:

194. Biscuits, bread, wafers, cakes, and other baked articles, and puddings, by whatever name known, containing chocolate, nuts, fruit, or confectionery of any kind, and without regard to the component material of chief value, 25 per centum ad valorem.

---

[1] T. D. 37941 (36 Treas. Dec., 209).

The importers protested that inasmuch as the merchandise did not contain chocolate, nuts, fruit, or confectionery, it was not dutiable under paragraph 194, and that it was either free of duty under paragraph 417 as biscuits, bread, or wafers, not specially provided for, or dutiable at 15 per cent ad valorem under paragraph 385 as a non-enumerated manufactured article.

Paragraph 385 of the duty list and paragraph 417 of the free list, in so far as they are material to the issue, are as follows:

385. That there shall be levied. collected. and paid * * * on all articles manufactured, in whole or in part, not provided for in this section. a duty of 15 per centum ad valorem.

417. Biscuits, bread, and wafers not specially provided for in this section.

The Board of General Appraisers held that the goods were either biscuits, bread, or wafers, and that they were free of duty under paragraph 417, as claimed by the importers. The protest was accordingly sustained, and the Government appealed.

It appears from the uncontradicted testimony in the case that "sponge rusks" are toasted slices of cake, and that they do not contain chocolate, nuts, fruits, or confectionery. Biscuits, bread, wafers, cakes, and other baked articles not containing chocolate, nuts, fruit, or confectionery are excluded from the operation of paragraph 194, and having been excluded, they can not be subjected to its provisions by similitude without violating the expressed will of Congress. Fensterer & Ruhe *v.* United States (1 Ct. Cust. Appls., 93; T. D. 31110); Strauss & Co. *v.* United States (2 Ct. Cust. Appls., 203–205; T. D. 31946). It is evident, therefore, that the collector's classification and assessment of duty can not be sustained.

A rusk as commonly understood is a light, sweetened bread, biscuit, or cake that has been crisped and browned in an oven. (See "Rusk," Standard Dictionary.) The rusks under discussion have been made by cutting cake into slices or strips about half an inch thick and then toasting such slices or strips into a hard, brittle product, which certainly does not meet the popular conception of cake, inasmuch as it is not a baked article, *soft, like bread.* United States *v.* Dunlop & Ward (6 Ct. Cust. Appls., 278, 279; T. D. 35505).

It was once sponge cake, it is true, but it has been so processed as to take it out of that category and to give it a new name, and it may be fairly assumed a new use, inasmuch as it could not longer be served as sponge cake. In view of the fact that the record does not disclose that its components are the same as those employed in making sweetened breads, crackers, or biscuits, we can not hold that the article is either bread, biscuits, or crackers.

In our opinion it is an article manufactured from sponge cake, and as it is not enumerated it should have been assessed for duty at 15 per cent ad valorem as a manufacture not provided for. The claim

of the protest that the goods were duty free should, therefore, have been overruled by the board, and the claim that the merchandise was a nonenumerated manufactured article dutiable at 15 per cent ad valorem should have been sustained.

The decision of the board is accordingly *reversed*.