## H. Colthoff v. United States (No. 3247)[1]

United States Court of Customs and Patent Appeals, January 27, 1930

*Comstock & Washburn* (*George J. Puckhafer* of counsel) for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Fred J. Carter*, special attorneys, of counsel), for the United States.

[Oral argument December 4, 1929, by Mr. Puckhafer and Mr. Carter]

Before Graham, Presiding Judge, and Bland, Hatfield, Garrett, and Lenroot, Associate Judges

Bland, Judge, delivered the opinion of the court:

The United States Customs Court overruled the protest of appellant and sustained the collector's classification of imported merchandise, which consisted of Holland rusks which had been returned for duty as baked articles similar to biscuits, wafers, cakes, etc., under paragraph 733 of the Tariff Act of 1922.

Appellant's claims were that the merchandise was free of duty under paragraph 1522 as bread, or dutiable under paragraph 1459

[1] T. D. 43832.

as a nonenumerated manufactured article at 20 per centum' ad valorem. The paragraphs of the Tariff Act of 1922 involved are:

PAR. 733. Biscuits, wafers, cake, cakes, and similar baked articles, and puddings, all the foregoing by whatever name known, whether or not containing chocolate, nuts, fruits, or confectionery of any kind, 30 per centum ad valorem.

PAR. 1522. Bread: *Provided*, That no article shall be exempted from duty as bread unless yeast was the leavening substance used in its preparation.

PAR. 1459. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

Since it is important to note the change in the Tariff Act of 1922 from the predecessor paragraphs in the Tariff Act of 1913, the pertinent paragraphs of the last-named act are set out here as follows:

194. Biscuits, bread, wafers, cakes, and other baked articles, and puddings, by whatever name known, containing chocolate, nuts, fruit, or confectionery of any kind, and without regard to the component material of chief value, 25 per centum ad valorem.

417. Biscuits, bread, and wafers, not specially provided for in this section.

640. Wafers, unleavened or not edible.

It will be observed that paragraph 733, *supra*, includes portions of the three paragraphs of the Tariff Act of 1913. In the act of 1922 the only thing left on the free list is bread, and to be free of duty it must be such bread as is leavened with yeast.

The imported merchandise is similar to German zwieback and is made with the following ingredients in the proportions indicated: 21 pounds flour, 6 ounces butter, one-half pound yeast, three eggs, and a little salt, mixed with milk. The ingredients after mixing are beaten up to make the mixture loose. It is allowed to stand for two or three hours. It is then put in iron molds and baked for about 40 minutes. As soon as taken out of the molds, it is split in the middle into two parts. The cut sides are turned up and are toasted or roasted.

Jacon Beukers, protestant's witness, a baker who had baked these articles abroad, stated that they were served as a substitute for toast but that the imported article was better than toast because of the eggs which made it crispy and because of using milk instead of water which is customarily used in ordinary bread. The same witness stated that bread, either rye or wheat, was made with flour, water, yeast, sugar, salt, and a little shortening, and that such bread is kneaded, while this material is beaten.

Appellant's witness, H. Colthoff, testified, among other things, that the imported merchandise was eaten like bread, with butter, or with cheese or jelly, or with cereals in the morning; that it was used in hospitals because it was easily digestible; that it was like German zwieback.

After setting out the definitions of bread and biscuit, and calling attention to the legislative history of the bread and biscuit paragraphs, the court below held that the article was not bread in a tariff sense, but that the article originally was biscuit and that it had not been changed for tariff purposes.

We agree with that portion of the conclusion reached by the lower court to the effect that the importation is not bread such as is provided for in paragraph 1522, although it is leavened with yeast. Some of the articles mentioned in paragraph 733, made with or without yeast, in a broad sense may be bread but they do not constitute the bread of the free-list paragraph.

One of the reasons that brings us to this conclusion is that at the time the Congress had under consideration the bread and biscuit paragraphs, *supra*, it had before it the Summary of Tariff Information, 1921, and at page 1254, referring to the free-list provision, is found the following:

*Important changes in classification.*—The limitation in the proviso is new and is designed to allow free entry of ordinary commercial bread, but not of other baked articles (see par. 734) which enter into an extensive foreign commerce.

*Description and uses.*—This paragraph provides for ordinary commercial bread.

On page 709 of the same authority, referring to paragraph 733 which is the dutiable paragraph on biscuits, etc., we find the following:

*Important changes in classification.*—This paragraph combines three paragraphs of the Act of 1913, paragraph 194 covering biscuits, wafers, cakes, etc., when containing chocolate, nuts, and fruit, and paragraphs 417 and 640 of the free list, covering biscuits, bread, and wafers, not specially provided for, and wafers, unleavened. Ordinary commercial bread, however, is kept on the free list (par. 1522).

In view of the foregoing we conclude that Congress by its language in paragraph 1522 did not contemplate the free listing of merchandise such as that at bar, but had in mind well-known commercial bread having characteristics and uses quite different from those of the merchandise at bar, and made in quite a different way.

Since it is not bread under paragraph 1522, it remains to decide whether or not it is dutiable under paragraph 733, under the provision for "Biscuits, wafers, cake, cakes, and similar baked articles."

We think the merchandise at bar, when it came out of the mold and before it was further treated, responded to the provisions of paragraph 733, but that by subsequent processing it became a new and different article with a new name, a new use, and new characteristics. In this condition it might be said to respond to paragraph 1459, for nonenumerated manufactured articles, and dutiable at 20 per centum, which would be in harmony with the views expressed by this court in *United States* v. *Hermanos & Co., Sucrs.*, 9 Ct. Cust. Appls. 66, T. D. 37941.

In *United States* v. *Hermanos & Co., Sucrs., supra,* the collector at the port of San Juan classified "sponge rusks" as cake similar to cakes containing chocolate, nuts, fruit, or confectionery under paragraph 194, Tariff Act of 1913. Importer protested that inasmuch as the merchandise did not contain chocolate, nuts, fruit, or confectionery it was not dutiable under paragraph 194, and claimed it to be free of duty under paragraph 417 as biscuits, bread, or wafers, not specially provided for, or dutiable at 15 per centum ad valorem under paragraph 385 as a nonenumerated manufactured article. This court in an opinion delivered by the late Judge Smith said:

> It appears from the uncontradicted testimony in the case that "sponge rusks" are toasted slices of cake, and that they do not contain chocolate, nuts, fruits, or confectionery. Biscuits, bread, wafers, cakes, and other baked articles not containing chocolate, nuts, fruit, or confectionery are excluded from the operation of paragraph 194, and having been excluded, they can not be subjected to its provisions by similitude without violating the expressed will of Congress. *Fensterer & Ruhe* v. *United States*, 1 Ct. Cust. Appls., 93; T. D. 31110; *Strauss & Co.* v. *United States*, 2 Ct. Cust. Appls., 203–205; T. D. 31946. It is evident, therefore, that the collector's classification and assessment of duty can not be sustained.
>
> A rusk as commonly understood is a light, sweetened bread, biscuit, or cake that has been crisped and browned in an oven. (See "Rusk," Standard Dictionary.) The rusks under discussion have been made by cutting cake into slices or strips about half an inch thick and then toasting such slices or strips into a hard, brittle product, which certainly does not meet the popular conception of cake, inasmuch as it is not a baked article, *soft, like bread. United States* v. *Dunlop & Ward*, 6 Ct. Cust. Appls., 278, 279; T. D. 35505. (Italics quoted.)
>
> It was once sponge cake, it is true, but it has been so processed as to take it out of that category and to give it a new name, and it may be fairly assumed a new use, inasmuch as it could not longer be served as sponge cake. In view of the fact that the record does not disclose that its components are the same as those employed in making sweetened breads, crackers, or biscuits, we can not hold that the article is either bread, biscuits, or crackers.
>
> In our opinion it is an article manufactured from sponge cake, and as it is not enumerated it should have been assessed for duty at 15 per centum ad valorem, as a manufacture not provided for.

It is true that in that case the court had before it no applicable provision for cake, except cake that contained chocolate, nuts, fruit, or confectionery. Notwithstanding that fact, this court held that the article was once sponge cake, but that it had been processed out of that category and given a new name and a new use in so far as it could no longer be served as cake. So in this case as in the *Hermanos & Co.* case, *supra,* we conclude that the merchandise at bar is not, in its imported condition, any of the articles provided for in paragraph 733. Whatever the merchandise was when it came out of the oven the first time, it was later subjected to such processing as to have changed its characteristics and produced it into an article manufactured in whole or in part. See also *United States* v. *Dunlop*

& *Ward, supra,* and *United States* v. *Menzel & Co.,* 9 Ct. Cust. Appls. 16, T. D. 37844.

Before resorting to the nonenumerated paragraph, however, we must look into the question of the applicability of the similitude paragraph, 1460, the pertinent portion of which reads as follows:

PAR. 1460. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; * * *.

Even if the merchandise at bar is a nonenumerated manufactured article and provided for in paragraph 1459, it is not dutiable thereunder, and, under the express provisions of the above-quoted statute, is dutiable elsewhere, if it is similar either in material, quality, texture, or the use to which it may be applied to any article enumerated in the act, chargeable with duty. *Ringk & Co.* v. *United States,* 13 Ct. Cust. Appls. 126, T. D. 40960.

We have hereinbefore concluded that the merchandise at bar was, prior to processing, provided for in paragraph 733, but that after processing it was not. The provision in paragraph 1460 does not require the merchandise to be identical but similar, *either in material, quality, texture, or the use to which it may be applied.* The question at once presents itself: Are the split, baked articles at bar similar either in material, quality, texture, or use to the articles named in paragraph 733? That there is such a difference existing between the merchandise at bar and the articles mentioned in paragraph 733 as to prevent classification thereunder directly, could be no justification for the conclusion that there may not be a similarity in the particulars provided for in paragraph 1460.

We think there is such a substantial similarity in material, quality, texture, and use, sufficient to bring the merchandise within the dutiable provisions of paragraph 733. See *Pittsburgh Plate Glass Co.* v. *United States,* 2 Ct. Cust. Appls. 389, T. D. 32162. Similitude is a question of fact to be proven, and we think the record affords abundant proof for our conclusion herein reached. *Herrman* v. *Arthur,* 127 U. S. 363, 370. It seems to us that paragraph 1460 was, by its framers, intended to provide for situations similar to the one before us. To require classification of the imported merchandise under the nonenumerated paragraph at 20 per centum ad valorem, while the unsplit, untoasted, baked article from which it came would be dutiable at 30 per centum under paragraph 733, would result in an anomaly, which is to be avoided if possible. The application of the similitude paragraph in the classification of this importation would seem to bring about a result entirely in harmony with the oft-declared theory of the framers of this and other tariff acts. *United States* v. *Conkey & Co.,* 12 Ct. Cust. Appls. 552, T. D. 40783.

It is important and interesting to note that in the *Hermanos & Co.* case, *supra*, the court considered the applicability of the similitude paragraph in the Tariff Act of 1913, but found itself unable to classify the sponge rusk under paragraph 194 (predecessor in part of paragraph 733) by similitude, for the reason that by the express language of paragraph 194 it was excluded. not containing "chocolate, * * * confectionery, etc." See also *United States* v. *Neuman & Schwiers Co.*, 6 Ct. Cust. Appls. 228, T. D. 35467.

After this decision Congress removed the excluding provision, which act is not without significance when applied to the question at bar.

We have carefully noted the abstract and other decisions of the Board of General Appraisers and the United States Customs Court and find nothing in the cited authorities sufficiently in point, in facts or in reasons, to warrant us in arriving at a conclusion other than that herein reached.

The protest against the collector's classification of the merchandise at bar under paragraph 733 having been overruled, the judgment of the United States Customs Court is *affirmed.*