RENKEN & YATES SMITH CORP. *v.* UNITED STATES (No. 3671)[1]

[1] T. D. 47143.

United States Court of Customs and Patent Appeals, May 31, 1934

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellant. *Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson* and *Ralph Folks*, special attorneys, of counsel), for the United States.

[Oral argument December 5, 1933, by Mr. Brown and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court holding certain "cheddar sandwiches", composed of biscuits, commonly called "crackers and cheese", dutiable at 30 per centum ad valorem "as biscuits" or "similar baked articles" under paragraph 733 of the Tariff Act of 1930, as assessed for duty by the collector at the port of New York.

Appellant contends that the merchandise is properly dutiable as a nonenumerated manufactured article at 20 per centum ad valorem under paragraph 1558 of that act.

The paragraphs in question read as follows:

PAR. 733. Biscuits, wafers, cake, cakes, and similar baked articles, and puddings, all the foregoing by whatever name known, whether or not containing chocolate, nuts, fruits, or confectionery of any kind, 30 per centum ad valorem.

PAR. 1558. That there shall be levied, collected, and paid on the importation of all raw or unmanufactured articles not enumerated or provided for, a duty of 10 per centum ad valorem, and on all articles manufactured, in whole or in part, not specially provided for, a duty of 20 per centum ad valorem.

On the trial in the court below, appellant called but one witness, Edwin Grant Gobell.

No evidence was introduced by the Government.

The witness, Gobell, testified that he was a director and vice president of the Renken & Yates Smith Corp., appellant. He identified a sample of the involved merchandise, which was introduced in evidence as Exhibit 1.

Exhibit 1 consists of "cheddar sandwiches", in a metal box. Each sandwich is composed of two crackers with a comparatively thick layer of cheese between them.

The testimony regarding the process of manufacture of the involved articles is as follows:

Q. What is the first process in manufacturing an article similar to these?— A. According to the biscuit made, an ordinary dough is made, the dough is put through a machine according to the shape, goes through a trap that is made.

Q. After it is stamped out what is done?—A. Stamped out through a machine according to the shape of the machine it goes through on a travelling oven and is baked.

Q. Then what is the next step?—A. That becomes one of several kinds of crackers. In this case two of these biscuits of ordinary dough, cooked dough are sent to another table where cheese is filled in between. It is a soft cheese and a certain amount of pressure is brought to bear to bring the two pieces of dough together as a sandwich.

Q. As I understand the two biscuits have soft cheese put between, and then pressure brought to bear on the top biscuit to squeeze them together?—A. Yes.

Q. Then they stick together after that?—A. Yes.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

The WITNESS. What we actually tried to do, was to have a ready-made cheese sandwich for the American market, but we could not get two pieces of bread, and export them three thousand miles and still have them edible over here. We could not get two pieces of bread, so we took the next best thing. We took two pieces of common dough. When I say "common dough" it is the ordinary dough, which dough is made, we use a soft flour, instead of a hard flour, so that it is really two pieces of bread dough baked together with cheese.

The witness also testified that the involved articles contained no "chocolate, nuts, fruits, or confectionery of any kind," and that they were bought and sold as "cheddar sandwiches."

On this record the court below held that the involved sandwiches were biscuits, by whatever name known, within the purview of paragraph 733, *supra*, and, accordingly, overruled the protest.

It is contended by counsel for appellant that the imported articles consist of something more than biscuits, or similar baked articles, by whatever name known; that they are sandwiches, made in part only of a baked article—crackers; that they are not included within the provisions of paragraph 733, *supra*; and that they are dutiable as nonenumerated manufactured articles under paragraph 1558, *supra*. In support of their contentions, counsel for appellant have called our attention to several cases, including the following: *United States* v. *Hermanos & Co., Sucrs.*, 9 Ct. Cust. Appls. 66, T.D. 37941; *A. Culp et al.* v. *United States*, Abstract 17532, 60 Treas. Dec. 1312.

It is contended by counsel for the Government that appellant failed to overcome the presumption of correctness attending the collector's classification, and that the involved merchandise is dutiable as biscuits, or similar baked articles, by whatever name known, under paragraph 733, *supra*. In support of their contentions,

counsel for the Government have cited the following cases: *F. W. Meyers & Co.* v. *United States*, T.D. 40746, 47 Treas. Dec. 306; *H. Colthoff* v. *United States*, 17 C.C.P.A. (Customs) 388, T.D. 43832. Counsel for the Government further contend that, if the involved merchandise is not dutiable directly under paragraph 733, it is dutiable thereunder by similitude, in accordance with the provisions of paragraph 1559 of the Tariff Act of 1930, which, so far as pertinent, read:

PAR. 1559. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned * * *.

It is evident from an examination of Exhibit 1, and the testimony in the case, that, although the crackers, of which the involved articles are in part composed, are baked, the articles as a whole, including the cheese, are not baked. Furthermore, the cheese is a substantial portion of the "cheddar sandwiches." Considering the articles as a whole, therefore, it would seem to be clear that they are sandwiches, composed of baked articles and cheese, and that they are not dutiable directly under paragraph 733, *supra*, either as biscuits, or as similar baked articles. *United States* v. *Hermanos & Co., Sucrs., supra; A. Culp et al.* v. *United States, supra.*

In the case of *H. Colthoff* v. *United States, supra*, cited by counsel for the Government in support of their contentions, this court had under consideration the dutiable status of certain so-called "Holland rusks," composed of flour, butter, yeast, eggs, milk, and salt, baked in iron molds for a period of about 40 minutes. After they were removed from the molds, they were each cut into two parts, and the cut sides toasted or roasted. The "Holland rusks" had been assessed by the collector as baked articles, similar to biscuits, etc., under paragraph 733 of the Tariff Act of 1922. We there held that, when they came from the molds, the articles were baked and responded to the provisions of paragraph 733 of that act; but that, due to subsequent processing, that is, cutting and toasting or roasting, they became new and different articles, having new names, new uses, and new characteristics, and were, therefore, not directly provided for in paragraph 733, but were nonenumerated manufactured articles. The court held, however, on the record there before it, that the "Holland rusks" were similar in material, quality, texture, and use to the articles provided for in paragraph 733, and were, therefore, dutiable under that paragraph by virtue of the similitude provisions of paragraph 1460 of that act. In so holding, however, the court said:

* * * Similitude is a question of fact to be proven, and we think the record affords abundant proof for our conclusion herein reached. *Herrman* v. *Arthur*, 127 U.S. 363, 370.

It will be observed that the "Holland rusks" involved in that case were baked articles prior to the toasting or roasting process; and that only the cut sides of the articles were toasted or roasted. The court held, on the record there before it, that the "Holland rusks" were similar to German zwieback, and were substantially similar in material, quality, texture, and use to biscuits and similar baked articles.

The articles here involved, however, are not baked, roasted, or toasted. They are composed in part only of baked articles. Although there is no testimony on the subject, it is obvious from an examination of Exhibit 1, and other facts of which we may take judicial notice, that they are not similar in material, quality, texture, or use to biscuits or similar baked articles.

It is true that biscuits and similar baked articles, as well as the articles here involved, are used as food. But the involved articles are not, solely for that reason, dutiable by similitude of use to biscuits and similar baked articles.

A "sandwich" is defined in Webster's New International Dictionary as—

Two pieces of bread usually buttered and having a thin layer of meat, cheese, or the like, spread between them. 2. Something resembling a sandwich in arrangement; *a trio of objects, of which two like or similar ones inclose a different one * * *.* (Italics ours.)

"Biscuit" is defined by the same authority as—

A kind of unraised bread, plain, sweet, or fancy, formed into flat cakes, and baked hard;—commonly called *cracker* in the United States. * * *

Certainly a sandwich composed of bread and cheese is no more similar in use to bread, than is a sandwich composed of bread and chicken salad. It is evident, we think, that it was not the purpose of the Congress to provide that all nonenumerated food products should be dutiable by similitude to an enumerated food product, merely because they were used as food.

We are of opinion, therefore, that the involved articles are not biscuits, nor similar baked articles, and that they are not dutiable under paragraph 733, *supra*, either directly or by similitude.

At the time of the oral arguments in this court, it was requested that counsel furnish the court with supplemental briefs on the question of whether the mixed-materials clause, contained in paragraph 1559, *supra*, was applicable to the involved merchandise. Due no doubt to the fact that the question of the applicability of the mixed-materials clause was not raised in the court below, the record is inadequate for a proper determination of that question by this court. Accordingly, we deem it unnecessary and inadvisable to discuss it.

For the reasons herein stated, the judgment is *reversed*, and the cause *remanded* for proceedings consistent with the views herein expressed.