(C. D. 349)

Ansel W. Robison v. United States

United States Customs Court, Third Division

(Decided June 5, 1940)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., concurring

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover certain sums of money claimed to have been illegally assessed upon importations of dog biscuit and so-called dog biscuit meal. Five protests were consolidated for trial, relating to a number of importations, the articles being invoiced under various trade names of dog biscuit meal, so-called. The collector of customs at the port of San Francisco assessed duty on the majority of the importations at 30 per centum ad valorem under paragraph 733 of the Tariff Act of 1930, under the provision therein for baked articles. In the case of the merchandise covered by entries 5608 and 6180, protest 965509-G, duty apparently was assessed at 20 per centum ad valorem under paragraph 1558 of the same law as unenumerated manufactured articles.

For purposes of convenience of reference we quote paragraph 733 as follows:

PAR. 733. Biscuits, wafers, cake, cakes, and similar baked articles, and puddings, all the foregoing by whatever name known, whether or not containing chocolate, nuts, fruits, or confectionery of any kind, 30 per centum ad valorem.

The claim of the plaintiff is that the dog biscuit and dog biscuit meal are dutiable at 10 per centum ad valorem under paragraph 730 as mixed feeds, or at 20 per centum ad valorem under paragraph 1558 as unenumerated manufactures. He also claims that if the merchandise was assessed at 20 per centum ad valorem under paragraph 1558, it is dutiable at 10 per centum under said paragraph 730 as mixed feeds. The claim insofar as it related to the items invoiced as dog biscuits was not pressed at the hearing. No evidence having been offered in relation to such items said claim is overruled as to them.

At the hearing at the port of San Francisco the importer produced samples to the introduction of which the Government made no objection because the Government examiner of said merchandise said they were representative. Each sample bears a trade name. Exhibit No. 1, the socalled Osoko meal, consists of broken up particles of some baked substance. Most of the particles are white and are not uniform in size. Exhibit 2 is labeled Hound Meal and appears to be the same

character of substance as Exhibit 1 except that the broken particles are larger. Exhibit 3 is labeled Saval No. 2, and is a mixture of what appears to be similar material to that found in the other packages except that there are more dark pieces than light. In fact the lighter ones are browned and are broken into smaller particles than either Exhibit 1 or 2. The sample Exhibit 4 bears the name of Saval No. 1 and consists apparently of the same material as found in Exhibit 3 that has been broken into relatively small particles. Exhibit 5 is labeled Winolot meal. This commodity is made up of some baked article, brownish in color, broken into fairly large pieces. There appears to be an occasional whole biscuit, probably accidentally included in the sample.

Two witnesses were called. The plaintiff called the Government examiner of this class of merchandise at the port of entry, and the Government introduced the testimony of a man who had been engaged in the baking business for 40 years.

The Government examiner testified that he had been examining this type of merchandise for 15 years, during which time he had examined baked articles, and that based upon his experience and information he would call this commodity a baked article; that all of the commodities represented by the exhibits are baked articles but not in the form in which originally baked, having been broken up after they were baked. This witness also stated that he had two dogs and that he had had occasion to observe and use merchandise similar to that represented by Exhibits 1 to 5 inclusive.

The defendant's witness testified that he has "baked crackers, cakes, biscuits, English style, and also in the dog brand," and that in his opinion the commodity before us has been baked and put through a grinder in order to break it up in small particles; that the various exhibits had been put through different sized sieves.

This court in the cases of *Sheldon* v. *United States*, Abstract 37248, and *H. A. Robinson & Co.* v. *United States*, Abstract 39138, held that dog biscuit which had been ground into small pieces was classifiable as a nonenumerated manufactured article rather than as biscuits, not specially provided for, under paragraph 417 of the Tariff Act of 1913. Later on when the Tariff Act of 1922 was in force and effect this court had before it whole dog biscuit. That act contained the provision as it now appears in the act of 1930, paragraph 733, *supra*. The court there held that dog biscuits were dutiable as biscuits, rather than as unenumerated manufactured articles. (See *F. W. Meyers & Co.* v. *United States*, T. D. 40746, G. A. 8954). In discussing the changes in the acts the court made the following observations:

The law of 1913, in paragraph 194, provided as follows:

Biscuits, bread, wafers, cakes, and other baked articles, and puddings, by whatever name known, containing chocolate, nuts, fruit, or confectionery of any kind, and without regard to the component material of chief value, 25 per centum ad valorem.

Paragraph 417 of the free list of the same law provided for "biscuits, bread, and wafers, not specially provided for in this section." In paragraph 194, *supra*, a duty of 25 percent was levied on baked articles as above set forth, containing chocolate, fruit, nuts, or confectionery of any kind. In 1922, paragraph 733, under which this importation was classified, provides for all the baked articles included in paragraphs 194 and 417, *supra*. It reads:

Biscuits, wafers, cake, cakes, and similar baked articles, and puddings, all the foregoing, by whatever name known, whether or not containing chocolate, nuts, fruits, or confectionery of any kind, 30 per centum ad valorem.

The term "sweetened" is not included in this paragraph, though we assume that sweetened baked articles would naturally be included in the terms "cake or cakes," and if not there, they would be included in any class of baked articles containing confectionery, in our judgment.

It will be noted that in the paragraph last above cited the term "similar baked articles" was used and the language "by whatever name known" which gives to this paragraph a broad application. So we say if the importation involved in this case can not be held to be biscuits, cake, or cakes, it certainly is included within the term "similar baked articles," and the language "by whatever name known" would warrant us in so far deviating from the described articles of the statute as to be able to include fox biscuit or dog biscuit.

In the case now before us the articles are dog biscuits which have been broken up. That appears to be the only manner in which they differ from the ordinary dog biscuit of commerce. They are similar in material, also in quality and the use to which they are put. The fact that they are not similar in shape, in our view, would not exclude them from the paragraph.

We therefore find that the classification and assessment made by the collector are correct. Plaintiff's claims are overruled. Judgment will be rendered accordingly. It is so ordered.

### CONCURRING OPINION

CLINE, Judge: I agree with the majority in this case in holding that the merchandise in question is dutiable at 30 per centum ad valorem under paragraph 733 of the Tariff Act of 1930, but I am of opinion that the decision should be based upon a different premise than that suggested in the court's opinion. In the case of *F. W. Meyers & Co.* v. *United States*, T. D. 40746, 47 Treas. Dec. 306, the court held dog biscuits to be dutiable under paragraph 733 of the Tariff Act of 1922, but the court seems to have questioned the applicability of the provision for "biscuits" and relied principally upon the provision for "similar baked articles." The court said:

It will be noted that in the paragraph last above cited the term "similar baked articles" was used and the language "by whatever name known" which gives to this paragraph a broad application. So we say if the importation involved in this case can not be held to be biscuits, cake, or cakes, it certainly is included within the term "similar baked articles," and the language "by whatever name known" would warrant us in so far deviating from the described articles of the statute as to be able to include fox biscuit or dog biscuit.

If we start with the premise that dog biscuits are "similar baked articles" it would seem to be incorrect to hold that meals made from dog biscuits are still "similar baked articles."

I am of opinion that the reasoning of the court in *H. Colthoff* v. *United States*, 17 C. C. P. A. 388, T. D. 43832, is applicable to the merchandise herein involved. In that case the imported commodity consisted of so-called "Holland rusks." Originally the material of the articles in that case was baked in iron molds after which the baked articles were split into two parts and the cut sides of the parts were toasted or roasted. The court held that the imported articles had passed beyond the condition of the baked articles provided for in paragraph 733 of the Tariff Act of 1922 but that they were dutiable under the same provision by similitude. The court said:

> We think the merchandise at bar, when it came out of the mold and before it was further treated, responded to the provisions of paragraph 733, but that by subsequent processing it became a new and different article with a new name a new use, and new characteristics. In this condition it might be said to respond to paragraph 1459, for nonenumerated manufactured articles, and dutiable at 20 per centum, which would be in harmony with the views expressed by this court in *United States* v. *Hermanos & Co., Sucrs.*, 9 Ct. Cust. Appls. 66, T. D. 37941.
>
>     \*    \*    \*    \*    \*    \*    \*
>
> \* \* \* So in this case as in the *Hermanos & Co.* case, *supra*, we conclude that the merchandise at bar is not, in its imported condition, any of the articles provided for in paragraph 733. Whatever the merchandise was when it came out of the oven the first time, it was later subjected to such processing as to have changed its characteristics and produced it into an article manufactured in whole or in part. See also *United States* v. *Dunlop & Ward, supra*, and *United States* v. *Menzel & Co.*, 9 Ct. Cust. Appls. 16, T. D. 37844.
>
> Before resorting to the nonenumerated paragraph, however, we must look into the question of the applicability of the similitude paragraph, 1460, the pertinent portion of which reads as follows:
>
> PAR. 1460. That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned; \* \* \*.
>
> Even if the merchandise at bar is a nonenumerated manufactured article and provided for in paragraph 1459, it is not dutiable thereunder, and, under the express provisions of the above-quoted statute, is dutiable elsewhere, if it is similar either in material, quality, texture, or the use to which it may be applied to any article enumerated in the act, chargeable with duty. *Ringk & Co.* v. *United States*, 13 Ct. Cust. Appls. 126, T. D. 40960.
>
> We have hereinbefore concluded that the merchandise at bar was, prior to processing, provided for in paragraph 733, but that after processing it was not. The provision in paragraph 1460 does not require the merchandise to be identical but similar, *either in material, quality, texture, or the use to which it may be applied.* The question at once presents itself: Are the split, baked articles at bar similar either in material, quality, texture, or use to the articles named in paragraph 733? That there is such a difference existing between the merchandise at bar and the articles mentioned in paragraph 733 as to prevent classification thereunder directly,

could be no justification for the conclusion that there may not be a similarity in the particulars provided for in paragraph 1460.

We think there is such a substantial similarity in material, quality, texture, and use, sufficient to bring the merchandise within the dutiable provisions of paragraph 733. * * * [Italics quoted.]

The similitude provisions were not applicable in the cases of *G. W. Sheldon & Co.* v. *United States*, 28 Treas. Dec. 117, Abstract 37248, and *H. A. Robinson & Co.* v. *United States*, 30 Treas. Dec. 107, Abstract 39138, wherein the classification of ground dog biscuits was considered, because the question in those cases was whether the merchandise should be classified under a provision in the free list. The similitude clause operates to invoke the dutiable provisions only.

The record shows that the dog biscuit meals in this case consist of the same materials as the dog biscuits from which they were ground and that they are used for the same purpose as dog biscuits. I am of opinion that, although the merchandise was not baked in the condition as imported and is therefore not a baked article, there is a substantial similitude to dog biscuits, which have been held to be dutiable as baked articles, and that the commodity is dutiable by similitude under paragraph 733 of the Tariff Act of 1930. Accordingly, the protests should be overruled.